Filed 1/7/14  P. v. Williams CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER WILLIAMS,<br><br>　　　Defendant and Appellant. | A136945<br><br>(Solano County<br>Super. Ct. No. FCR284024)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

　　　The petition for rehearing is denied.  The opinion filed herein on December 19, 2013, is ordered modified as follows:

　　　On page 9, the second full paragraph, beginning "For purposes of the necessity" is deleted and the following paragraph is inserted in its place:

　　　"For purposes of the necessity to make an objection, we find no way to distinguish the drug program fee at issue here from any of the other fees and fines for which courts have required an objection to preserve an ability to pay issue for appeal.  (See, e.g., *People v. Snow* (2013 219 Cal.App.4th 1148, 1151 [probation report and supervision fees]; *People v. Crittle*  (2007) 154 Cal.App.4th 368, 371 [crime prevention fine]; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 [probation fee]; see also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518 [prosecution waived any error by trial judge in failing to state reasons for not imposing drug program fee].)"

　　　There is no change in the judgment.

Dated: _____　　　Signed: _____

Filed 12/19/13  P. v. Williams CA1/4 (unmodified version)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER WILLIAMS,<br><br>　　　Defendant and Appellant. | A136945<br><br>(Solano County<br>Super. Ct. No. FCR284024) |

Defendant Christopher Williams appeals from a judgment following a jury verdict finding him guilty of transportation of heroin (Health & Saf. Code, § 11352, subd. (a)).[1] He contends:  (1) There was insufficient evidence to support the verdict; (2) the guilty verdict was inconsistent with the jury's verdict of not guilty on a related possession count; (3) the trial court misled the jury when it responded to a question during deliberations; and (4) the court's order to pay a $50 drug program fee was not supported by a finding of ability to pay.  We reject defendant's contentions and affirm.

## I. FACTS

Defendant was driving in the City of Fairfield during the afternoon on April 12, 2011, when he was pulled over for a traffic infraction.  After initiating the traffic stop, Fairfield Police Officer Matthew Thomas approached defendant on the driver's side of the car.  Thomas's partner, officer Derrick Fok, approached on the passenger side.  A passenger, Kenneth Owens, was sitting in the front passenger seat of the car.

---

[1] All further code section references are to the Health and Safety Code unless otherwise noted.

1

Officer Thomas noticed a strong odor of marijuana when he reached the driver's side window.  He then noticed an unlit marijuana "cigar" in defendant's lap.  Thomas asked for the cigar and defendant complied by handing it to Thomas.  One or both of the officers told defendant and his passenger to get out of the car.  The officers searched the men and found nothing of note.  Officer Fok then searched the car and found two plastic baggies in a compartment in the roof above the center console.  Fok described the compartment as "where the sunglasses are normally held."  Fok believed one baggy contained marijuana and that the other contained heroin.

After Thomas read defendant his *Miranda* rights, defendant denied knowledge and ownership of the substances in the baggies.  He added that he had just bought the car.

An analysis of the contents of the baggy of suspected heroin confirmed that it contained 9.55 grams of heroin.  The baggies were examined for fingerprints, but none were found.

## II. PROCEDURAL BACKGROUND

The People charged defendant with one count of transportation of heroin in violation of section 11352, subdivision (a), and one count of possession of heroin in violation of section 11350, subdivision (a).  After a brief trial, the jury found defendant guilty on the transportation count, but not guilty on the possession count.  The trial court suspended imposition of sentence and placed defendant on probation for three years.  The court ordered defendant to pay several fees, including a $50 drug program fee (§ 11372.7).

## III. DISCUSSION

*A. Sufficiency of the Evidence to Support the Verdict*

Defendant contends there was insufficient evidence of his knowledge that heroin was present in his car.  Knowledge of the presence and character of the drug is an essential element of the offense of transportation.  (*People v. Rogers* (1971) 5 Cal.3d 129,

133 (*Rogers*); see § 11352, subd. (a).)[2]  Defendant characterizes the evidence of his knowledge as a "mere smidgen."

"The law is clear and well settled.  'On appeal we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578 . . . ; see also *Jackson v. Virginia* (1979) 443 U.S. 307, 317-320 . . . .)' " (*People v. Abilez* (2007) 41 Cal.4th 472, 504.)

Here, the substance was found in defendant's car, and he was the driver.  While the heroin was not in plain view, it was found in a baggy in an ordinary compartment of the car, and Officer Fok apparently had no trouble finding it.  In the same compartment was a second baggy containing marijuana.  Defendant, at the time of the traffic stop, had a marijuana cigar in his lap.  This constitutes reasonable, credible, and solid evidence from which a rational finder of fact could find, beyond a reasonable doubt, that defendant knew he was transporting heroin in his car.  A driver's knowledge of the character and presence of the drug, together with his control over the vehicle, is sufficient to establish his guilt for transporting the drug. (*Rogers*, *supra*, 5 Cal.3d at pp. 135-136)  The crime can be established by circumstantial evidence and any reasonable inferences drawn from that evidence.  (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1746.)

Taking all the possible scenarios into account, the most logical inference remains that defendant, as owner and driver of the car, knew there was a baggy of heroin in his car.  The jury could reasonably reject the contention that defendant's passenger, Owens, put the heroin in defendant's car without his knowledge.  Although it is not inherently implausible that the car's former owner left the baggies of heroin and marijuana in the

---

[2] Section 11352, subdivision (a), in pertinent part, provides:  "[E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport [a controlled substance unless upon written prescription] shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for three, four, or five years."

car, it is not likely that a person would leave behind items of value; nor was it established exactly how recently defendant had purchased the car.[3] Further, because the heroin was not found in a hidden recess or cavity in the car, the jury could reasonably conclude defendant knew it was there.

In arguing otherwise, defendant cites *People v. Redrick* (1961) 55 Cal.2d 282, 285 (*Redrick*) for the proposition that "proof of opportunity of access to a place where narcotics are found, without more, will not support a finding of unlawful possession." From this premise defendant argues the many circumstances that were *not* present—lack of furtive movements, lack of intoxication, lack of fingerprints, lack of chemical testing of the marijuana, and lack of drug paraphernalia, among other things—and cites cases in which convictions were upheld (and knowledge found) based on the presence of the narcotics plus other incriminating circumstances. (See, e.g., *People v. Richardson* (1970) 6 Cal.App.3d 70, 77 [furtive movement and defendant's admission of heroin use]; *People v. Vasquez* (1969) 1 Cal.App.3d 769, 778-780 [defendant's admitted familiarity with narcotics, his attempt to bar officers from apartment, and large quantity of heroin found]; *People v. Watkins* (1950) 96 Cal.App.2d 74, 77 [erratic driving upon seeing the police, furtive movements, and anger when passenger made admission].) These cases, however, do not hold that in the absence of one or more of these additional factors there is always insufficient evidence of knowledge. Nor is this a case in which defendant merely had "opportunity of access to a place where narcotics were found." Here, defendant was the driver and the owner of the car in which the heroin was found. (Cf. *Redrick*, *supra*, 55 Cal.2d at pp. 288-289 [defendant had nonexclusive access to a storeroom where heroin was found].)

---

[3] Department of Motor Vehicles (DMV) "paperwork" was admitted into evidence; according to defendant, the exhibit was a title document that was processed by the DMV on April 13, 2011, the day after the traffic stop. No evidence was introduced indicating the date defendant took possession of the car, or how long it takes the DMV to process a title document.

Defendant also cites *People v. Boddie* (1969) 274 Cal.App.2d 408 (*Boddie*), a case in which a heroin possession conviction was reversed for lack of sufficient evidence to establish knowledge of the presence of the narcotics. (*Id.* at pp. 411-412.) As in the instant case, the narcotics in *Boddie* were found in an automobile, but there the defendant was a passenger in the car. Thus, *Boddie* is inapposite because defendant here was the driver/owner, not the passenger.

Defendant's conviction for transportation of heroin is supported by substantial evidence.

*B. Inconsistent Verdicts*

Defendant asserts the jury's verdict of guilty on the transportation count is inconsistent and irreconcilable with its acquittal on the possession count. He argues that if he did not have possession of the heroin, he could not have transported the drug. Citing a footnote in *Rogers*, *supra*, defendant suggests the offense of possession was a necessarily included offense of transportation in his case. (See *Rogers*, *supra*, 5 Cal.3d at p. 134, fn. 5; but see *People v. Watterson* (1991) 234 Cal.App.3d 942, 946-947 [footnote in *Rogers* was dicta and possession for sale count was not necessarily included in a transportation count].)

The law is well settled that inconsistent verdicts do not require reversal of a guilty verdict. Indeed our Legislature has expressly decreed: "An acquittal of one or more counts shall not be deemed an acquittal of any other count." (Pen. Code, § 954.)

The Legislature's statement is in harmony with United States and California Supreme Court precedent. "As a general rule, inherently inconsistent verdicts are allowed to stand. (*United States v. Powell* (1984) 469 U.S. 57, 64-69 . . . (*Powell*); *People v. Lewis* [(2001)] 25 Cal.4th [610,] 656.) For example, 'if an acquittal of one count is factually irreconcilable with a conviction on another, or if a not true finding of an enhancement allegation is inconsistent with a conviction of the substantive offense, effect is given to both.' (*People v. Santamaria* (1994) 8 Cal.4th 903, 911.) Although ' "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred' in such situations, 'it is unclear whose ox has been gored.' (*Powell, supra,* 469

5

U.S. at p. 65.) It is possible that the jury arrived at an inconsistent conclusion through 'mistake, compromise, or lenity.' (*Ibid.*) Thus, if a defendant is given the benefit of an acquittal on the count on which he was acquitted, 'it is neither irrational nor illogical' to require him to accept the burden of conviction on the count on which the jury convicted. (*Id.* at p. 69.)" (*People v. Avila* (2006) 38 Cal.4th 491, 600.)

Defendant cites no authority providing for an exception to the general rule in this case. He does cite *People v. Hamilton* (1978) 80 Cal.App.3d 124 (*Hamilton*), a decision that purported to find a "limited judicial exception . . . where all of the essential elements of the crime of which the defendant was acquitted are identical to some or all of the essential elements of the crime of which he was convicted, and proof of the crime of which the defendant was acquitted is necessary to sustain a conviction of the crime of which the defendant was found guilty." (*Id.* at p. 130.)

If such an exception exists, it would not apply here. The elements of transportation and possession offenses are not identical. "Although possession is commonly a circumstance tending to prove transportation, it is not an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another." (*Rogers*, *supra*, 5 Cal.3d at p. 134.) As the People suggest, it is possible in this case that the jury believed Owens possessed the heroin, and that defendant was transporting Owens and his heroin. Or, stated another way, the prosecution proved beyond a reasonable doubt that defendant transported heroin, but failed to prove beyond a reasonable doubt that he possessed it. Of course the jury may also have just reached a compromise verdict.

In any event, we also concur with our colleagues in Division Three of this district that the statement from *Hamilton* that defendant relies on "is inaccurate and misleading." (*People v. Pahl* (1991) 226 Cal.App.3d 1651, 1660 (*Pahl*).) The one settled exception to the rule that inconsistent verdicts must stand involves conspiracy cases. (See *id.* at p. 1657 [defendants charged and acquitted of offenses also alleged as overt acts of conspiracy are necessarily acquitted of conspiracy].) As our Division Three colleagues explained, however, that exception is narrow, and any suggestion in *Hamilton* or earlier

cases of other, broader exceptions to the general rule are contrary to the language of Penal Code section 954 and current California Supreme Court authority. (*Pahl*, *supra*, at pp. 1657-1660.)

Defendant was not charged with conspiracy and there was substantial evidence to support the transportation verdict. (See *Pahl*, *supra*, 226 Cal.App.3d at p. 1657 [inconsistent verdicts no longer compel reversal if there is substantial evidence to support the conviction].) Therefore, the general rule applies and the verdicts on both the transportation and possession counts must stand.

*C. Response to Jury Questions*

Defendant next takes issue with the trial court's response to two questions posed by the jury during its deliberations. A note from the jury to the court stated: "1) When was the defendant arrested? (DATE) 2) When did he purchase the car officially? (DATE)."

The trial court, defense counsel, and the prosecutor all recognized there was no direct evidence on these questions. One could infer that defendant was arrested at the time the suspected heroin was seized on April 12, 2011, but neither of the witnesses (officers) testified that defendant was arrested that date. Similarly, the only evidence on when defendant "purchased" the car was indefinite. Officer Fok testified regarding defendant's statement that, "[H]e just bought the car." As we have noted, there was also DMV paperwork admitted into evidence, but no one testified regarding that exhibit. According to defendant, it was a title document that was processed by the DMV on April 13, 2011, the day after the traffic stop. The prosecution noted during the discussion of the jury questions that it appeared from the DMV document that the car was a gift to defendant.

The court proposed to tell the jury that defendant was arrested on the "date of this incident, April 12th." Defense counsel objected: "Well, I don't want them instructed on that issue unless they heard evidence of it." When it was confirmed, after consultation with the court reporter, that there was no testimony on when defendant was arrested, the court gave the following answer to the jury: "No testimony regarding that."

7

With respect to when defendant purchased the car, defense counsel and the prosecution were in agreement that there was no evidence on the question other than defendant's statement to Fok. So the court responded to the jury's second question with, "Per Officer Fok the defendant stated, he quote, 'just bought the car.' "

Defendant contends the court's answers misled the jury, violating his due process right to a fair trial.

Defendant invited any error by directly participating in crafting the responses to the jury questions. "Inasmuch as defendant both suggested and consented to the responses given by the court, the claim of error has been waived." (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1193; see also *People v. Boyette* (2002) 29 Cal.4th 381, 430 [defendant's failure to object when trial court proposed not to respond to juror's note waived claim of error].) Although defendant cites authority for the proposition that instructional error may be reviewed without an objection by the defendant (*People v. Coffman* (2004) 34 Cal.4th 1, 103, fn. 34; *People v. Thompkins* (1987) 195 Cal.App.3d 244, 251, fn. 4; Pen. Code, § 1259), those authorities do not apply to the situation here—responses to jury questions crafted with the aid of defendant. (See *People v. Roldan* (2005) 35 Cal.4th 646, 729-730, overruled on other grounds as stated in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22).

We note, in any case, that the trial court's responses to the questions were accurate. Defendant does not point to any direct evidence showing the date he was arrested. Similarly, there is nothing in the record showing when he purchased the car, other than his statement to Officer Fok that he just bought the car. Defendant does not claim the DMV document established an official date of purchase. Of course the more pertinent question would have been when did defendant take possession of the car.

In sum, there was no error, and even if there were, defendant invited it and waived any claim of error.

8

*D. Drug Program Fee*

Defendant contends the trial court's order to pay a $50 drug program fee (§ 11372.7) should be vacated because the trial court failed to make a finding of ability to pay.

Defendant has forfeited this claim of error by failing to object below. In *People v. McCullough* (2013) 56 Cal.4th 589, our Supreme Court held a defendant who failed to object to the imposition of a similarly de minimis booking fee (Gov. Code, § 29550.2, subd. (a)) forfeited his right to challenge the fee on appeal. (*People v. McCullough*, *supra*, at p. 591.) "[W]e hold here that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597.)

For purposes of the necessity to make an objection, we find no way to distinguish the drug program fee at issue here from a booking fee, or from any of the other fees and fines for which courts have required an objection to preserve an ability to pay issue for appeal. (See, e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [victim restitution fine]; *People v. Snow* (2013) 219 Cal.App.4th 1148, 1151 [probation report and supervision fees]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [crime prevention fine]; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 [probation fee]; see also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518 [prosecution waived any error by trial judge in failing to state reasons for not imposing drug program fee].)

Accordingly, we will uphold the trial court's order to pay a $50 drug program fee.

# IV. DISPOSITION

The judgment is affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.