Filed 7/3/14  P. v. Alvarado CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058233 |
| v. | (Super.Ct.No. NF1200489) |
| ANTONIO MORALES ALVARADO, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Barry Carlton, and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

A jury convicted defendant and appellant Antonio Morales Alvarado of assault with a knife under Penal Code[1] section 245, subdivision (a)(1) (count 1); domestic criminal threats under section 422 (count 2); and spousal battery under section 243, subdivision (e)(1) (count 4).

The trial court granted defendant formal probation for 36 months, and ordered him to spend 365 days in jail. However, because the trial court found that defendant had 638 days' credit, he was immediately released from custody.

On appeal, defendant contends that the trial court erred in imposing (1) collateral fines and fees as terms and conditions of his probation; and (2) probation costs because there was insufficient evidence that he had an ability to pay those costs. For the reasons set forth below, we shall affirm the judgment.

# II

## STATEMENT OF FACTS

On February 21, 2012, defendant celebrated his birthday with his wife, Loretta Alvarado (the victim), and their grandson, Adrian. Adrian was 10 years old at the time. Defendant and the victim both drank an entire bottle of tequila after he came home from

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

work, followed by four bottles of champagne. They began drinking the tequila at approximately 8:00 p.m., and Adrian went to sleep at 9 p.m. or 10 p.m.

At some point, Adrian woke up and asked the victim to turn the music down. Defendant and the victim began arguing over the volume of the music. The victim then went to bed. Some time thereafter, defendant came into the bedroom and tried to rouse the victim by pulling on her arm. He pulled her into the hallway, but the victim was too intoxicated to remember what happened after that. They began arguing again; defendant had a knife in his hand. He called the victim names and stated that she had ruined his life. The victim got scared and told Adrian to go to the neighbors' house and call the police.

Adrian ran next door and called 911. He told the 911 operator that his grandpa had a knife and his grandma had a nail file for protection. Adrian said that his grandparents were hitting and yelling, and that his grandpa was hurting his grandma by pulling her hair and throwing her down. Adrian also stated that his grandpa was threatening his grandma with a knife. The victim arrived at the neighbor's house when Adrian was on the telephone; she told the 911 operator that defendant tried to kill her with a knife.

Officer Graham Greer responded to the 911 call and made contact with both the victim and Adrian. Adrian told the officer that he saw his grandpa pull the victim's hair and push her onto the bed. Adrian also said that his grandpa left the bedroom and went back in with a knife, got on top of his grandma, called her names and threatened to kill her. When his grandpa punched the bed with the knife four or five times, his grandma

3

told Adrian to call for help.  The victim, who was highly intoxicated, said that defendant pulled her into the bedroom, pushed her on the bed, left briefly, and returned with a knife. Defendant called her names and stated that she had ruined his life.  Defendant threatened to kill her.

At trial, Adrian testified that his grandpa had pulled his grandma's hair while she was in bed and pulled her onto the floor.  Adrian went to the restroom and could hear his grandma yelling.  When he came out of the restroom, his grandma told him to call the police because his grandpa had a knife.  Adrian testified that his grandparents were drunk and that he never actually saw the knife.  He said he told the 911 operator about the knife because that is what his grandma told him.  He did not remember his grandpa threatening his grandma and said it could have been something that his grandma had told him.

**III**

**ANALYSIS**

A.     *The Minute Order Does Not Require Clarification*

Defendant contends that the trial court improperly imposed certain fees as conditions of probation because these fees are collateral to the crime and punishment.  As such, defendant requests that the fees be deleted as probation conditions, and ordered separately.  The People contend that there is no need for clarification of the minute order because the court separately ordered the fees and did not make them conditions of probation.

Payment of probation costs cannot be made a condition of probation.  (*People v. Hall* (2002) 103 Cal.App.4th 889, 892; see also *People v. Pacheco* (2010) 187

4

Cal.App.4th 1392, 1399 [finding error to direct defendant to pay attorney fees, probation supervision costs and court security fee as conditions of probation], disapproved on other grounds in *People v. McCullough* (2013) 56 Cal.4th 589, 599.) An order requiring the defendant to pay probation costs may only be enforced through a civil action. (*Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 322.)

In this case, defendant contends that the trial court improperly imposed the following fees as conditions of probation: (1) presentence probation fee (not to exceed $785.00); (2) probation supervision fee (from $591.12 to $3,744.00); (3) booking fee ($450.34); and (4) security fee ($120.00). The probation report, however, does not show that the challenged fees were to be included as conditions of probation. The probation report recommended that defendant be granted formal probation for three years, and delineated 27 terms and conditions for granting probation. These terms and conditions are specifically numbered in the probation report. Following these delineated terms and conditions, the report separately sets forth the recommendation that defendant be required to pay the costs of the presentence probation report, probation supervision, booking fees, and a security fee.

At the sentencing hearing, the court stated that it had "read and considered the probation report[,]" and its tentative sentence was "to follow the probation officer's recommendation that [defendant] be granted probation." After both the prosecutor and defense counsel submitted on the probation report, the court addressed each of the 27 separately delineated terms and conditions of probation set forth in the probation report. During the hearing, the court struck conditions 6, 25, 26, and 27, which were then struck

5

on the probation report also. After the court was done discussing the 27 probation terms and conditions, the court ordered the knife destroyed, and that defendant pay the challenged fees.

The Report and Sentencing Minute Order also showed that the challenged fees were separately ordered and not ordered as conditions of probation. The order stated: "Formal Probation is Granted for a period of 36 months under the following terms and conditions: . . ." After the last term and condition of probation is listed, the order stated as follows:

"FURTHER ORDER: Weapon(s) ordered disposed (PC 12028(2)(c)). Pay cost of pre-sentence in amount to be determined by Probation, not to exceed $785.00 (PC 1203.1b). Pay the costs of probation supervision in an amount to be determined by the Probation Department. Based on the level of supervision, the costs will range from $591.12 to $3744.00 (PC 1203.1b). . . . As to count(s) 1 2 4, pay a fine of $420.00 including penalty assessment. Fine imposed includes security fee for 003 convicted counts in an amount of $120.00 . . . . Pay booking fees of $450.34 (GC 29550)."

Nonetheless, in his reply brief, defendant argues that, because the "FURTHER ORDER" included some fines and fees that can be ordered as terms of probation, the order needs clarification. We disagree. As discussed above, even if this part of the order contained fines and fees that could have been ordered as terms of probation, this separate part of the order clearly indicated that it was separate from the specified terms and conditions of probation.

6

Based on the probation report, oral pronouncement during the sentencing hearing, and the minute order, we find that the challenged fees were not imposed as conditions of probation. Therefore, we need not modify the minute order to "delete" the challenged fees as probation conditions or issue a separate order indicating that the challenged fees do not constitute terms and conditions of defendant's probation.

B. *The Trial Court Properly Ordered Defendant to Pay Probation Costs*

Defendant contends that the trial court erred under section 1203.1b by imposing fees for preparation of the presentence probation report and probation supervision without advising him of his right to a hearing. He also contends that there was insufficient evidence for the court to determine he had the ability to pay the fees. The People contend that defendant has forfeited this issue. We agree.

Section 1203.1b, subdivision (a), charges the probation officer with the duty of determining the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence. It further provides that the probation officer "shall inform the defendant that the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." (See also *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1070.)

In order to preserve a challenge to a trial court's order to pay probation fees under section 1203.1b, a defendant must first raise an objection in the trial court. (*People v.*

7

*Snow* (2013) 219 Cal.App.4th 1148 [finding defendant forfeited claim that insufficient evidence supported a finding of ability to pay probation report and supervision fees]; *People v. Valtakis*, *supra*, 105 Cal.App.4th at pp. 1068, 1071-1076 [a defendant cannot challenge on appeal the issue of noncompliance with statutory procedures while imposing a section 1203.1b fee when he failed to assert any objections in the trial court]; *People v. McCullough*, *supra*, 56 Cal.4th at pp. 597-599 [the defendant forfeited his claim that there was insufficient evidence to support his ability to pay a booking fee because he failed to object below]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [challenge to crime prevention fee forfeited]; but see *People v. Pacheco*, *supra*, 187 Cal.App.4th at p. 1397 [no forfeiture of issue regarding whether section 1203.1b fee was properly imposed], disapproved by *People v. McCullough*, *supra*, 56 Cal.App.4th at p. 599.)[2]

In *People v. Valtakis*, *supra*, 105 Cal.App.4th at pp. 1068-1076, the defendant entered a negotiated plea, the court placed defendant on probation, and a probation supervision fee was imposed under section 1203.1b. The probation officer did not evaluate the defendant's ability to pay or advise him of his right to a hearing on the issue, as required under section 1203.1b. On appeal, the defendant, like defendant in this case, challenged the probation fee. The appellate court held that the defendant's failure to

---

[2]    The California Supreme Court is currently considering the issue of whether a defendant, who fails to object to an order for payment of probation supervision fees, forfeits a claim that the trial court erred in failing to make a finding of an ability to pay. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571, and *People v. Trujillo* (2013) Cal.App.Unpub. LEXIS 5913, review granted Nov. 26, 2013, S213687 [nonpub. Opn.].)

object to noncompliance with the probation fee procedures of section 1203.1b waived the issue on appeal. (*Ibid.*)

In *People v. McCullough*, *supra*, 56 Cal.4th 589, the Supreme Court granted review to determine whether a defendant, who does not object that the evidence is insufficient to support a finding of his ability to pay a booking fee under Government Code section 29550.2, forfeits his right to challenge the trial court's imposition of the fee on appeal. (*Id.* at p. 591.) The Supreme Court distinguished "between an alleged factual error that had necessarily not been addressed below or developed in record because the defendant failed to object, and a claimed legal error, which 'can be resolved without reference to the particular sentencing record developed in the trial court.' [Citation.]" (*Id.* at p. 594.) The court stated: "[W]e may review an asserted legal error in sentencing for the first time on appeal where we would not review an asserted factual error. (*Ibid.*) "In the case of an asserted legal error, '[a]ppellate courts are willing to intervene in the first instance because such error is "clear and correctable" independent of any factual issues presented by the record at sentencing.' [Citation.]" (*Ibid.*) Ultimately, the Supreme Court concluded that a defendant's ability to pay a booking fee does not present a legal issue; therefore, a defendant is not entitled to transform a factual issue into a legal issue by asserting the record's deficiency as legal error. The court held that the defendant's failure to object to the trial court's imposition of a jail booking fee under Government Code section 29550.2 forfeited a substantial evidence claim regarding evidence of a defendant's ability to pay because "a court's imposition of a booking fee is confined to factual determinations." (*Id.* at p. 597.)

9

Here, the probation report was dated by the probation officer on December 20, 2012. At the sentencing hearing held on January 4, 2013, defense counsel indicated that he was in receipt of the report and submitted on the report. In the report, the probation officer recommended that defendant pay the challenged probation fees. Defendant, therefore, had notice of the probation report's recommendation that he pay the fees. However, at no time during the sentencing hearing did defendant or his counsel raise any objection to any issue with respect to any of the challenged fees. When the trial court specifically ordered defendant to pay the probation supervision fees and report fees, neither defendant nor his counsel objected. Having failed to do so, defendant has forfeited his claim for purposes of appeal. (*People v. McCullough*, *supra*, 56 Cal.4th at pp. 597-99; *People v. Valtakis*, *supra*, 105 Cal.App.4th at p. 1068.)

Defendant's reliance on *People v. Pacheco*, *supra*, 187 Cal.App.4th 1392, is misplaced. In *Pacheco*, the trial court ordered a criminal justice administration fee, a monthly probation supervision fee, and attorney fees without making a determination of defendant's ability to pay; defense counsel did not object. (*People v. Pacheco*, *supra*, 187 Cal.App.4th at pp. 1396, 1397.) On appeal, the defendant argued that the evidence of his ability to pay was insufficient and the People contended that the issue was waived. (*Id.* at p. 1397.) The appellate court found no evidence that defendant was advised of his right to a hearing for the probation supervision fee, and no evidence that the defendant waived that right. (*Id.* at p. 1401.) In addition, the appellate court found no evidence that either the probation officer or the trial court made a determination that the defendant had

10

an ability to pay the challenged fees. (*Id.* at pp. 1401-1404.) *Pacheco*, however, was overruled by *People v. McCullough*, *supra*, 56 Cal.4th 589, as discussed above.

Defendant, however, argues that *People v. McCullough*, *supra*, 56 Cal.4th 589, does not apply by distinguishing the challenged fees in this case under section 1203.1b from the booking fees involved in *McCullough*. In *McCullough*, the Supreme Court illustrated the difference between booking fee statutes with statutes that provide procedural guidelines, such as section 1203.1b. (*Id.* at pp. 498-499.) The court noted that section 1203.1b sets forth "procedural requirements or guidelines for the ability-to-pay determination," and "[c]ertain fee payment statutes require defendants to be apprised of their right to a hearing on ability to pay and afford them other procedural safeguards." (*Id.* at p. 598.) Based on this, defendant claims that "*McCullough* suggests that [defendant's] lack of objection does not forfeit his claim." We disagree with defendant's analysis. In *McCullough*, the Supreme Court, when discussing statutes with procedural safeguards or guidelines, was simply providing another reason why an objection to the ability to pay a booking fee was required. The court did not imply that only a booking fee required an objection.

Therefore, based on *People v. Snow*, *supra*, 219 Cal.App.4th 1148; *People v. Valtakis*, *supra*, 105 Cal.App.4th 1066; and *People v. McCullough*, *supra*, 56 Cal.4th 589, we hold that defendant has forfeited his claim.

Notwithstanding defendant's forfeiture, his contention fails on the merits because the trial court made an implied finding of defendant's ability to pay.

11

A trial court's finding of an ability to pay may be implied, and will be upheld on appeal if it is supported by substantial evidence. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 70-71; *People v. Nilsen* (1988) 199 Cal.App.3d 344, 347.)

"Ability to pay" means the overall capacity of the defendant to reimburse the costs or a portion of the costs of conducting the presentence report, and supervising the defendant's probation based upon various factors, including: (1) the defendant's present financial situation; (2) the defendant's reasonably discernable future financial position, i.e., a period of no more than one year from the time of hearing; (3) the defendant's likelihood of being able to obtain employment within a year from the date of the hearing; and (4) any other factors that would impact the defendant's ability to pay. (§ 1203.1b, subd. (e).)

In this case, there was sufficient evidence that defendant had the ability to pay the probation fees. Defendant was interviewed by the probation officer with his attorney and an interpreter present. Defendant provided his social history. He was a 44-year-old man in good health, and had no children of his own. Defendant had been employed full time as a sous chef at the same restaurant for approximately 27 years. He was also immediately released from custody at the sentencing hearing. Defendant had the ability to earn money to pay his probation supervision and report fees. The court specifically noted during the hearing that defendant "had steady and lengthy employment."

The trial court, therefore, did not err in implicitly finding that there was sufficient evidence to show that defendant had the ability to pay the probation supervision and report fees.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RICHLI_____
                                                          J.

We concur:


RAMIREZ_____
                P. J.


CODRINGTON_____
                J.