Filed 8/26/13; pub. order 9/23/13 (see end of opn.)

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN PATRICK SNOW,<br><br>    Defendant and Appellant. | C068833<br><br>(Super. Ct. No. CM031239) |

Defendant Kevin Patrick Snow entered a negotiated plea of no contest to three counts of theft by false pretenses (Pen. Code, §§ 487, subd. (a), 532, subd. (a)) and one count of engaging in business without a license, a misdemeanor (Bus. & Prof. Code, § 7028) in exchange for dismissal of a white-collar crime allegation (Pen. Code, § 186.11). The court granted probation for a term of five years subject to certain terms and conditions including 120 days in jail.

Defendant appeals. His request for a certificate of probable cause (Pen. Code, § 1237.5) was denied. He contends that insufficient evidence supports his ability to pay the $736 presentence investigation report fee and the $164 per month probation

1

supervision fee.  We conclude that defendant forfeited this contention by failing to object to the imposition of these fees in the trial court.

The probation officer recommended that defendant pay, among other fees, fines and restitution, $736 for the presentence investigation report and $164 per month for probation supervision.  The probation officer opined that defendant was "able-bodied with marketable job skills, and therefore, he should have the ability to pay all fines, fees, and restitution, as ordered by the Court."

In a written statement of probation eligibility and mitigation, defendant sought a grant of probation, stating that he was willing to pay restitution, had set aside several thousand dollars to do so, and had the ability to comply with the terms and conditions of probation.  He stated that he had always been the provider for his family.  He did not state that he had no ability to pay fees or fines.

In a supplemental report, the probation officer reiterated the recommendations for fees, fines and restitution.  The probation officer noted a change in that defendant had reported that he had spent the money he had saved for payment of victim restitution.

At sentencing, the court indicated that it had read the probation report and was prepared to follow the probation officer's recommendations.  Defense counsel agreed with the probation officer's recommendations other than the 120 days in county jail which counsel claimed was "not appropriate for [defendant]."  Defense counsel represented both defendant and his brother, George Snow, who was sentenced on the same date.  Defense counsel stated that "[t]hey are prepared to pay $5,000 toward restitution" immediately and "[t]hey would commit to an O/R order at $1,000 a month of continual payment to court compliance in addition to the [$]5,000 today."  Defense counsel stated that defendant was employed.  Defense counsel did not state that defendant did not have the ability to pay the recommended fees and fines.

2

The court suspended imposition of sentence, granted probation for a term of five years, and imposed restitution, fines, and fees, including the presentence investigation report fee and the monthly supervision fee. Defense counsel did not object.

Defendant claims that the issue of the sufficiency of the evidence to support his ability to pay the report and supervision fees is not forfeited, citing *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*). Defendant also cites *Tahoe National Bank v. Phillips* (1971) 4 Cal.3d 11 at page 23, footnote 17, which sets forth the general rule that a claim of insufficient evidence supports a judgment is not forfeited by failure to raise the issue in the trial court.

*Pacheco* struck a probation supervision fee where there was "no evidence in the record that anyone . . . made a determination of [the defendant's] ability to pay the $64 per month probation supervision fee" and where "the statutory procedure provided at [Penal Code] section 1203.1b for a determination of [the defendant's] ability to pay probation related costs was not followed." (*Pacheco, supra,* 187 Cal.App.4th at p. 1401.) *Pacheco* held that the defendant's challenge to the sufficiency of the evidence supporting the probation supervision fee was not forfeited on appeal by his failure to assert the same in the trial court . (*Id.* at p. 1397.)

*People v. McCullough* (2013) 56 Cal.4th 589 at page 599 (*McCullough*) disapproved *Pacheco*. *McCullough* held that the defendant forfeited his challenge to the sufficiency of the evidence supporting the finding that he had the ability to pay a jail booking fee by failing to object in the trial court. (*Id.* at pp. 591, 598.) "Defendant may not 'transform . . . a factual claim into a legal one by asserting the record's deficiency as a legal error.' [Citation.] By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' [Citations.]" (*Id.* at p. 597.) "[A] defendant who does nothing to put at issue the propriety of imposition of a booking fee forfeits the right to challenge the sufficiency of the evidence to support imposition of the booking fee on

3

appeal, in the same way that a defendant who goes to trial forfeits his challenge to the propriety of venue by not timely challenging it." (*Id.* at p. 598.)

Here, defendant had adequate notice that the costs of the report and supervision would be imposed but objected to neither in writing or orally and never requested a hearing. He now contends insufficient evidence supports a finding of his ability to pay the report and supervision fees. Based on the reasoning of *McCullough*, we conclude that defendant forfeited his challenge to the cost of the probation report ($736) and monthly supervision ($164 per month for 60 months) imposed pursuant to Penal Code section 1203.1b.

DISPOSITION

The judgment is affirmed.

        HULL        , Acting P. J.

We concur:

     BUTZ      , J.

     MAURO    , J.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C068833 |
| Plaintiff and Respondent, | (Super. Ct. No. CM031239) |
| v. | |
| KEVIN PATRICK SNOW, | ORDER OF PUBLICATION |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Butte County, Kristen A. Lucena, Judge.  Affirmed.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on August 26, 2013, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

      HULL            , Acting P. J.

      BUTZ            , J.

      MAURO          , J.

5