Filed 8/14/14  P. v. Juarez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

THE PEOPLE,

    Plaintiff and Respondent,                 A139906

    v.                                  (San Mateo County
                                        Super. Ct. No. SC077783)

LUIS ALONSO JUAREZ,

    Defendant and Appellant.

_____/

The trial court denied appellant Luis Alonso Juarez's motion to suppress and he pleaded no contest to one count of continuous sexual abuse of his minor daughter, Jane Doe (Doe) (Pen. Code, § 288.5, subd. (a) (Count 1))[1] and one count of a lewd and lascivious act on Doe (§ 288, subd. (a) (Count 8)).  The court sentenced Juarez to state prison.  At the sentencing hearing, the court imposed various fines and fees, including a "$365.00 restitution report fee" presumably pursuant to section 1203.1b.  Defense counsel did not object.  The corresponding sentencing minute order contains this fee, but the abstract of judgment does not.

Juarez's court-appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed Juarez he had the right to file a supplemental

---

[1]    All further statutory references are to the Penal Code.

1

brief on his own behalf but Juarez declined to do so. We ordered the parties to submit supplemental briefing on whether this court should order the trial court to issue an amended abstract of judgment showing the trial court imposed the restitution report fee (§ 1203.1b) and to forward a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.

Having reviewed the parties' supplemental briefs, we order the trial court to issue an amended abstract of judgment showing the court imposed the $365 restitution report fee pursuant to section 1203.1b and to forward a certified abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

We provide a brief summary of the facts underlying Juarez's convictions.

Juarez is Doe's father. In 2010, then 13-year-old Doe moved from El Salvador to Juarez's residence. Almost immediately, Juarez had sex with Doe, orally copulated her, and attempted to sodomize her. In September 2012, Doe reported the abuse to law enforcement. She told police officers her father worked for a painting company, but she did not know the company's address or telephone number. Doe told the officers Juarez "was not a legal citizen, and did not have" identification. Law enforcement officers had Juarez's cell phone number but no other way to locate him.

In late September 2012, Doe made two pretext calls to Juarez.[2] In one call, Juarez "indicated that he was nervous about the phone call, and that he was worried that authorities were listening and recording their conversation." Juarez told Doe she was going to "ruin" his life if "the police found out" what he had done to her. Based on this information, police officers felt there were "exigent circumstances" because Juarez might "attempt to flee, and with not knowing who he was or having any identification on him, if he were to flee, it would be extremely difficult for law enforcement to locate him."

At that point, a police officer asked dispatch to "contact Mr. Juarez's cell phone company . . . with the hopes of locating the location of [Juarez's] cell phone." The

---

[2] In a pretext call, a witness or victim calls the alleged suspect about the matter to spark a conversation about the crime being investigated.

2

officer told dispatch "the victim . . . is a 16 year old girl that was [ ] sexually assaulted . . . . [I]t's her father that's there and we are afraid that he is going to flee the area. . . . [W]e know he's at work right now, we just gotta locate where he's at work." At dispatch's request, Juarez's cell phone provider gave dispatch a residential address near where Juarez's cell phone was located.

About 10 minutes later, police officers arrived at the address provided by Juarez's cell phone provider. "The house appeared to be under construction." The back gate and garage doors were open; a door leading from the garage to the house was also open. A police officer entered the kitchen area and spoke to a woman he "presumed to be the homeowner." The police officer then went into the backyard, where he saw Juarez. Officers arrested Juarez and *Mirandized* him. During a lengthy interview, Juarez admitted sexually molesting Doe multiple times.

### Charges and Motion to Suppress

The People charged Juarez with 40 felonies arising out of his sexual abuse of Doe. Doe testified at a conditional examination and defense counsel cross-examined her. (§§ 1335, 1336.) At the preliminary hearing, the court admitted a transcript of the conditional examination over Juarez's objection and held him to answer the charges. The People filed a 42-count information and Juarez pleaded not guilty.

Juarez moved to suppress: (1) evidence law enforcement obtained from his cell phone provider "that was used to learn his location" and arrest him; (2) his cell phone; and (3) statements he made during a police interview following his arrest. Juarez claimed the police obtained his "legally protected cell phone location information" without a warrant and his warrantless arrest was based on "the illegal use of the cell phone tracking information" in violation of *People v. Ramey* (1976) 16 Cal.3d 263 and *Steagald v. United States* (1981) 451 U.S. 204.

In opposition, the People argued: (1) Juarez did not have a reasonable expectation of privacy in his cell phone location and any expectation of privacy in "cell site location information [was] destroyed by the third-party disclosure doctrine[;]" (2) Juarez did not have a reasonable expectation of privacy in the backyard of the home where he was

3

working; and (3) probable cause supported the arrest. Following a hearing, the court denied the motion. It determined Juarez had "no reasonable expectation of privacy, no standing with reference to [the] information provided" by Juarez's cell phone provider, nor any reasonable expectation of privacy in the home where he was working. The court also concluded probable cause supported the arrest.

***Plea and Sentencing***

Juarez pleaded no contest to continuous sexual abuse of Doe (§ 288.5, subd. (a) (Count 1)) and lewd and lascivious act on Doe (§ 288, subd. (a) (Count 8)). He admitted both counts involved substantial sexual conduct with a minor under 14 and were serious and violent felonies. (§§ 1203.066, subd. (a), 1192.7, subd. (c), 667.5, subd. (c).) The People dismissed the remaining charges pursuant to a stipulated disposition. The restitution report recommended Juarez pay the $365 restitution report fee pursuant to section 1203.1b.

The court sentenced Juarez to 18 years in state prison, comprised of the upper term of 16 years in state prison on Count 1 and a consecutive one-third the middle term of two years on Count 8. At the sentencing hearing, the court imposed various fines and fees, including a "$365.00 restitution report fee" presumably pursuant to section 1203.1b.[3]

---

[3] The court did not identify the statute authorizing the imposition of the restitution report fee. Section 1203.1b, subdivision (a) provides in relevant part: "In any case in which a defendant is convicted of an offense and is the subject of any preplea or presentence investigation and report, whether or not probation supervision is ordered by the court, . . . the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision or a conditional sentence, of conducting any preplea investigation and preparing any preplea report pursuant to Section 1203.7, of conducting any presentence investigation and preparing any presentence report made pursuant to Section 1203. . . . The court shall order the defendant to appear before the probation officer, or his or her authorized representative, to make an inquiry into the ability of the defendant to pay all or a portion of these costs. The probation officer, or his or her authorized representative, shall determine the amount of payment and the manner in which the payments shall be made to the county, based upon the defendant's ability to pay. The probation officer shall inform the defendant that

Defense counsel did not object. The corresponding sentencing minute order contains this fee, but the abstract of judgment does not.

Juarez did not obtain a certificate of probable cause. He appealed "from the [c]onviction" and his notice of appeal states "[t]he primary issue on appeal is the denial of [his] motion to suppress evidence pursuant to . . . section 1538.5[.]"

DISCUSSION

Juarez's court-appointed counsel filed a brief purporting to raise "suppression issues" pursuant to California Rules of Court, rule 8.304(b)(4)(A). Counsel's brief, however, raised no legal issues and asked this court to conduct an independent review of the record pursuant to *Wende*, *supra,* 25 Cal.3d 436. Counsel informed Juarez he had the right to file a supplemental brief on his own behalf but Juarez declined to do so.

We ordered the parties to submit supplemental briefing on whether this court should order the trial court to issue an amended abstract of judgment showing the trial court imposed the restitution report fee (§ 1203.1b) and to forward a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation. In their supplemental brief, the People urge us to order the trial court to issue an amended abstract of judgment imposing the section 1203.1b fee because: (1) the court properly imposed the fee; (2) Juarez forfeited any claim the court erred by imposing the fee; and (3) the court's oral pronouncement of judgment controls over the abstract of judgment. Juarez's court-appointed counsel does not oppose "the People's position."

---

the defendant is entitled to a hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." Subdivision (b) of that statute provides, "When the defendant fails to waive the right provided in subdivision (a) to a determination by the court of his or her ability to pay and the payment amount, the probation officer shall refer the matter to the court for the scheduling of a hearing to determine the amount of payment and the manner in which the payments shall be made. The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative."

We have reviewed the record pursuant to *Wende, supra,* 25 Cal.3d 436, focusing upon the suppression motion and matters arising after entry of the plea.  (See § 1237.5; Cal. Rules of Court, rule 8.304(b).)  Having done so, we find no arguable issue for appeal, but we order the trial court to issue an amended abstract of judgment showing the court imposed the $365 restitution report fee pursuant to section 1203.1b and to forward a certified abstract of judgment to the Department of Corrections and Rehabilitation.  (§ 1203.1b, subd. (a); *People v. McCullough* (2013) 56 Cal.4th 589, 599; *People v. Snow* (2013) 219 Cal.App.4th 1148 [defendant forfeited claim that insufficient evidence supported a finding of ability to pay probation report and supervision fees]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185, 188 [appellate court has inherent power to correct clerical errors and order correction of abstracts of judgment].)

## DISPOSITION

We order the trial court to: (1) issue an amended abstract of judgment showing the court imposed the $365 restitution report fee pursuant to Penal Code section 1203.1b; and (2) to forward a certified abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.

_____

Jones, P.J.

We concur:

_____

Needham, J.

_____

Bruiniers, J.

6