Filed 9/12/14  P. v. Covington CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059389 |
| v. | (Super.Ct.No. FSB1104366) |
| TROY L. COVINGTON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Affirmed as modified.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Felicity Senoski, Meagan J. Beale, and Parag Agrawal Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to a plea agreement, defendant and appellant Troy L. Covington pled guilty to one count of second degree robbery (Pen. Code, § 211)[1] and admitted the allegation that he committed the robbery for the benefit of a street gang (§ 186.22, subd. (b)(1)(C)). Pursuant to the agreement, the trial court sentenced defendant to a total term of 12 years in state prison. The court also ordered him to pay $500 in appointed counsel fees and $505 in investigation costs.

On appeal, defendant contends that the court failed to conduct a hearing on his ability to pay attorney fees or the investigation costs, and there is insufficient evidence to support the court's implied finding that he had the ability to pay. The People argue that defendant has waived his claims. We strike the order for attorney fees. In all other respects, we affirm.

FACTUAL BACKGROUND

On September 17, 2011, defendant approached the victim, who was standing at the cash register inside a business. Defendant approached him from behind and brandished a handgun that was tucked into his waistband. Defendant said, "Give me your chain, or I'm gonna pop you." The victim was afraid. Defendant reached over and pulled a gold chain from the victim's neck and walked out of the store. The chain was worth approximately $3,000.

---

[1] All further statutory reference will be to the Penal Code, unless otherwise noted.

ANALYSIS

I  The Trial Court Failed to Make a Determination of Defendant's Ability to Pay

Appointed Counsel Fees

The court ordered defendant to pay appointed counsel fees in the amount of $500.

It did not cite the statutory basis of the order, but we assume the basis was section 987.8.[2]

Defendant argues that the order requiring him to pay appointed counsel fees must be

stricken because the court failed to make a determination of his ability to pay.  He further

contends that there is insufficient evidence to support any such determination.  The

People respond that because defendant did not object below to the imposition of the fees

in the absence of an ability to pay determination, he has forfeited this claim.  We

conclude that defendant has not forfeited his claim, and that the order to pay appointed

counsel fees should be stricken.

We first consider the People's contention that defendant has waived his claim by

failing to object to the fees below.  We recognize that some courts have found that a

defendant forfeits any objection to a fee by failing to object in the lower court.  (See, e.g.,

*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1071-1072 (*Valtakis*).)  However, "we

find that authority distinguishable, and do not believe it can be rationally extended to bar

objections to an order for reimbursement of *counsel* fees, for the reason that unless the

---

[2]  Section 987.8, subdivision (b), provides in pertinent part:  "In any case in which a defendant is provided legal assistance, either through the public defender or private counsel appointed by the court, upon conclusion of the criminal proceedings in the trial court . . . the court may, after notice and a hearing, make a determination of the present ability of the defendant to pay all or a portion of the cost thereof."

3

defendant has secured a new, independent attorney when such an order is made, [he] is effectively *unrepresented* at that time." (*People v. Viray* (2005) 134 Cal.App.4th 1186, 1214.) In other words, "[c]ounsel can hardly be relied upon to contest an order when a successful contest will directly harm the interests of the person or entity who hired him and to whom he presumptively looks for future employment." (*Id*. at pp. 1215-1216.) "[T]he spectacle of an attorney representing a client in connection with an order requiring that client to pay for the attorney's services, however attenuated the connection may be in fact, carries the patent appearance of at least a vicarious adversity of interests." (*Id*. at p. 1216.)

We accordingly conclude that defendant's claim regarding the appointed counsel fees is not forfeited on appeal, and we proceed to the merits of this claim.

A. *There Was No Evidence of Defendant's Ability to Pay Appointed Counsel Fees*

Section 987.8 "authorizes the court to order criminal defendants to pay all or part of the cost of their appointed counsel after the trial court determines the defendant has a present ability to pay. The ability to pay includes the defendant's reasonably discernible future financial position, limited to the next six months." (*People v. Lopez* (2005) 129 Cal.App.4th 1508, 1537, fn. omitted (*Lopez*); see also § 987.8, subd. (g)(2)(B).) There is "a presumption under the statute that a defendant sentenced to prison does not have the ability to reimburse defense costs." (*People v. Flores* (2003) 30 Cal.4th 1059, 1068 (*Flores*).) To rebut this presumption, there must be "unusual circumstances." (§ 987.8, subd. (g)(2)(B).) The court "must make an express finding of unusual circumstances

4

before ordering a state prisoner to reimburse his or her attorney." (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1421; see also *Lopez*, *supra*, 129 Cal.App.4th at p. 1537.)

In accordance with the statute, the trial court should have started with the presumption that because defendant was sentenced to prison he "does not have the ability to reimburse defense costs." (*Flores*, *supra*, 30 Cal.4th at p. 1068.) Thereafter, to rebut the statutory presumption, the court was required to make a finding of unusual circumstances. As defendant correctly contends, the trial court made no such finding, nor does the record support an implied finding of unusual circumstances.

Thus, since there is no evidence of unusual circumstances to overcome the statutory presumption that defendant, sentenced to state prison, lacked the financial ability to pay attorney fees, the attorney fees order cannot stand.

The People argue, in the alternative, that the case should be remanded to the trial court to hold a hearing to determine defendant's ability to pay the fee. The People cite *Flores*, *supra*, 30 Cal.4th 1059, in support of its claim. However, in that case, the probation report indicated that defendant was "'stable and employed,'" and that he may be able to pay something. (*Id*. at pp. 1068-1069.) Therefore, the court remanded the matter to conduct a hearing. (*Id*. at p. 1069.) In contrast, the probation report in the instant case indicates that defendant was not employed and had no assets. In light of defendant's financial circumstances, the statutory presumption, and the lack of evidence to conceivably rebut it, we conclude that further judicial proceedings would only generate more costs. In the interests of judicial economy and efficiency we strike the order assessing attorney fees.

5

## II. Defendant Has Waived His Claim Regarding the Investigation Costs

Defendant next contends that the trial court erred in ordering a presentence investigation fee of $505, since the court failed to comply with statutory requirements of a hearing and determination of an ability to pay before imposing the fee. He also argues there is no evidence in the record that he has the ability to pay that fee. Relying on *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), *Valtakis*, *supra*, 105 Cal.App.4th 1066, and *People v. Snow* (2013) 219 Cal.App.4th 1148 (*Snow*), the People contend that defendant has forfeited his claim.[3] We agree with the People.

*Snow*, *supra*, 219 Cal.App.4th 1148 is directly on point. The court there held that the defendant forfeited an appellate challenge to the presentence investigation report fee, imposed pursuant to section 1203.1b, by failing to first challenge it in the trial court. (*Id.* at pp. 1149-1151.) In reaching its conclusion, the *Snow* court persuasively relied on *McCullough*, *supra*, 56 Cal.4th 589. *McCullough* held that "a defendant who fails to contest [a jail] booking fee when the court imposes it forfeits the right to challenge it on appeal." (*Id.* at p. 591.) *McCullough* concluded that a "defendant's ability to pay the booking fee . . . does not present a question of law," and "because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the

---

[3] The California Supreme Court is currently considering whether a defendant who fails to object to an order for payment of fees that were imposed pursuant to section 1203.1b forfeits a claim that the trial court erred in failing to make a finding of an ability to pay. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571.)

6

sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597.)

Here, the probation report prepared on November 29, 2012, recommended that defendant pay $505 for the presentence investigation and preparation of the report pursuant to section 1203.1b. Defendant was not sentenced until over six months later. Thus, as in *Snow*, defendant "had adequate notice that the cost[] of the [investigation and] report . . . would be imposed but objected to [it] neither in writing or orally and never requested a hearing." (*Snow*, *supra*, 219 Cal.App.4th at p. 1151.)

Defendant maintains that he is raising a legal, not factual, issue in arguing that he was erroneously denied "procedural safeguards" specified by section 1203.1b, at his sentencing hearing. The legislative provision for procedural safeguards does not necessarily relieve a defendant of the responsibility for preserving challenges for appeal. Had the defendant objected, the court would have been required to hold a hearing on defendant's ability to pay before ordering him to pay for the investigation costs. It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. (*McCullough*, *supra*, 56 Cal.4th at p. 593.) As a matter of fairness to the trial court, a defendant should not be permitted to assert for the first time on appeal a procedural defect in the imposition of a fee or costs. (See *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.)

Finally, defendant argues that the forfeiture rule should not apply because the court did not obtain a "knowing and intelligent waiver" (§ 1203.1b, subd. (a)) of his right

7

to a hearing on his ability to pay.  Defendant's argument is misguided.  The statutory

"knowing and intelligent" requirement pertains to what is required for a waiver of a

hearing at the *trial court* level.  The issue here, however, is whether, at the *appellate*

*court* level, defendant waived (or forfeited) his contentions by failing to raise them

below.  (*Valtakis*, *supra*, 105 Cal.App.4th at p. 1075) ["the waiver language does not

speak to appellate review"].)  By failing to object to the fee below, defendant has waived

the claim on appeal.  (*Id.* at p. 1076; *Snow*, *supra*, 219 Cal.App.4th at p. 1151.)

## DISPOSITION

The order for attorney fees is stricken.  In all other respects, the judgment is

affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

RICHLI
J.

MILLER
J.

8