Filed 10/17/14  P. v. Hann CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059615 |
| v. | (Super.Ct.No. INF1101094) |
| CHARLES DAVID HANN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  James S. Hawkins, Judge. Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood, Meagan J. Beale and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Charles David Hann of three counts of receiving stolen property (Pen. Code,[1] § 496, counts 1-3), and one count of a violation of Health and Safety Code section 11364 (count 4). On July 19, 2013, defendant was sentenced to formal probation for a period of 36 months, subject to various terms and conditions.

Defendant contends that the trial court failed to hold a mandatory hearing on defendant's ability to pay the costs of presentence incarceration, and that as a result the $1,424.20 assessment should be stricken. We affirm.

I.

FACTS OF THE CASE AND PROCEDURAL STATUS

Defendant stole bicycles from the garage of an acquaintance. When the police contacted defendant and later conducted a search of his residence, they discovered a bicycle comprised of parts from the stolen bicycles, as well as three methamphetamine pipes, several empty baggies, 0.1 grams of methamphetamine, and related drug paraphernalia. In addition, the police found the belongings of two other burglary victims.

Following a jury trial, defendant was convicted on all counts. The matter was referred to probation. The June 28, 2013 probation report indicated that defendant had a degree in automotive engineering. His physical and mental health were good, although he reported that he had ADD or bipolar disorder for which he was being treated with medication. He admitted some drug use to the probation officer, but stated that the most

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

recent instance was eight or nine months before the probation interview. The report stated that defendant was previously employed as a mechanic, but that he had stayed at home to care for his child since 2002. Nevertheless, defendant still did some side jobs in his profession. Defendant indicated his intent to be a law-abiding citizen to the probation officer. Defendant's wife worked as a teacher, with annual earnings of $70,000.

The probation report recommended that the court order defendant to pay various fees, fines, restitution, and costs, including presentence incarceration costs of $1,424.20 under section 1203.1c. The probation report did not notify defendant of his right to a hearing regarding his ability to pay the costs of presentence incarceration under section 1203.1c. At the sentencing hearing on July 19, 2013, the court acknowledged that it had read and considered the probation officer's report and ordered that it be filed. Defendant acknowledged receipt of the probation report.

The court stated its intention to follow the recommendations in the probation report, and invited counsel's response. Defendant objected to certain aspects of the recommendations, including the proposal for county jail time. Defendant did not raise an objection to the imposition of presentence incarceration costs. Defendant advised that he was willing to comply with the terms and conditions of probation as outlined by the probation officer. The court noted that the order included various fines, assessments and fees, as outlined in the probation report.

Defendant filed a timely notice of appeal.

3

II.

DISCUSSION

Defendant contends that the trial court's failure to hold a hearing on defendant's ability to pay the costs of presentence incarceration was a violation of his procedural due process rights. Defendant further contends that the error was prejudicial and reversible because the record does not contain substantial evidence that defendant has the means to pay the $1,424.20 cost. Defendant argues that had the court complied with the statute, "the fee would not have been imposed." Defendant did not object to the imposition of the costs of presentence incarceration at the sentencing hearing.

The Attorney General argues that defendant has forfeited all claims on appeal regarding the presentence incarceration costs because he failed to object in the trial court. "[I]t is of course a familiar rule that appellate courts will not review errors to which an objection could have been, but was not, made in the trial court." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1309.)[2] Courts have applied the forfeiture doctrine to appeals of other fees and costs, which also require a determination of ability to pay. (See, e.g., *People v. Snow* (2013) 219 Cal.App.4th 1148, 1149-1151 (*Snow*) [a defendant who did not object to the imposition of fees under § 1203.1b forfeited his claim of insufficiency of

_____

[2] The California Supreme Court is currently considering the issue of whether a defendant, who fails to object to an order for payment of fees under sections 1203.1b and 1202.5, forfeits a claim that the trial court erred in failing to make a finding of ability to pay. (*People v. Aguilar* (2013) 219 Cal.App.4th 1094, review granted Nov. 26, 2013, S213571; *People v. Trujillo* (Aug. 22, 2013, H038316) [nonpub. opn.], review granted November 26, 2013, S213687; *People v. Valenzuela* (2013) 220 Cal.App.4th 159, review granted January 15, 2014, S214485.)

4

the evidence]; see also, *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069 (*Valtakis*) [issue of noncompliance with the statutory procedure requiring a hearing on defendant's ability to pay probation fee of $250 under § 1203.1b was waived by the failure to object in the trial court]; contra, *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*), disapproved as to booking fees as stated in *People v. McCullough* (2013) 56 Cal.4th 589, 599.)

Both sections 1203.1b and 1203.1c require a determination of defendant's ability to pay the applicable costs and notice to defendant of his right to a court hearing on that determination. (§§ 1203.1b, subd. (a) & 1203.1c, subd. (a).) Both sections 1203.1b and 1203.1c permit the trial court to hold additional hearings regarding defendant's ability to pay throughout the probationary period. (§§ 1203.1b., subd. (c) & 1203.1c, subd. (a); see also, *Valtakis*, *supra*, 105 Cal.App.4th at p. 1076.) The similarities between sections 1203.1b and 1203.1c support application of the court's forfeiture analysis in *Valtakis* and *Snow* to the instant case.

Defendant makes two arguments to avoid forfeiture: (1) claims regarding sufficiency of the evidence are not forfeited for failure to object, even in the context of sufficiency of the evidence of ability to pay a fee; and (2) the section 1203.1c fee imposed is an unauthorized sentence because the trial court did not follow proper procedure; thus, is not subject to forfeiture. We address defendant's arguments against forfeiture in turn.

First, defendant argues his claim regarding sufficiency of the evidence to support an implied finding of defendant's ability to pay the presentence incarceration costs is not

5

forfeited for failure to object.  Defendant cites *Pacheco*, *supra*, 187 Cal.App.4th 1392, for his argument.  In *Pacheco*, the court held that defendant did not forfeit appeal for failure to object to attorney fees, a criminal justice administration fee, and a monthly probation fee where the trial court did not make a finding of defendant's ability to pay those fees, and where there was no evidence in the record by which the court could have made a determination of his ability to pay fees.  (*Id.* at pp. 1397-1399.)  Yet, *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*) disapproved *Pacheco* on that point.  "By 'failing to object on the basis of his [ability] to pay,' defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.'  [Citations.]"  (*Id.* at p. 597.)

The forfeiture doctrine has been applied to arguments regarding insufficiency of the evidence of a defendant's ability to pay fees and costs.  (See, e.g., *Snow*, *supra*, 219 Cal.App.4th at p. 1151 [forfeiture of challenge to § 1203.1b fees]; *McCullough*, *supra*, 56 Cal.4th at pp. 597-599 [forfeiture of challenge to booking fee under Gov. Code § 29550.2].)

Although *McCullough* dealt with a booking fee and not the costs of presentence incarceration, the rationale for forfeiture in *McCullough* is equally applicable here. *McCullough* found that the defendant's challenge to the booking fee was forfeited because a court's imposition of such a fee is confined to factual determinations. (*McCullough*, *supra*, 56 Cal.4th at p. 597.)  The *McCullough* court's discussion contrasted the booking fee at issue there with various statutes that have procedural safeguards, like section 1203.1c.  (*Id.* at p. 598.)  But that discussion was supportive of

6

but not essential to its holding that the defendant's claim involved factual determinations. The court's holding applies regardless of whether the statute contains procedural safeguards. Here, defendant argues that there is insufficient evidence to support an implied finding of ability to pay—clearly a factual determination. Thus, we conclude that the forfeiture rule announced in *McCullough* is fully applicable to the cost of presentence incarceration at issue here.

Second, defendant argues that imposition of presentence incarceration costs without a hearing on ability to pay is an unauthorized sentence involving a legal error, which is not subject to forfeiture. An unauthorized sentence is one that could not lawfully be imposed under any circumstance in the particular case. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Claims deemed waived on appeal are ones which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner. (*Ibid.*) Presentence incarceration costs could lawfully be imposed in defendant's case; the error, as stated by appellant, was that the court failed to comply with the procedural requirements of the statute regarding a finding of ability to pay. Additionally, a "defendant's ability to pay [a court-imposed] fee here does not present a question of law in the same manner as does a finding of probable cause." (*McCullough*, *supra*, 56 Cal.4th at p. 597.) The imposition of presentence incarceration costs here did not result in an unauthorized sentence.

The forfeiture doctrine has been applied to due process and equal protection claims. (*McCullough*, *supra*, 56 Cal.4th at pp. 593, 597; see also, *People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.) As our high court has observed on numerous

7

occasions, " ' " 'a constitutional right,' or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.' " ' [Citation.]" (*McCullough*, at p. 593; see also, *Valtakis*, *supra*, 105 Cal.App.4th at p. 1075 [a defendant and his counsel may not stand silent as the court imposes a fee and then complain for the first time on appeal that some aspect of the statutory procedure was not followed].) The probation report, which provided notice of the recommendation of payment of presentence incarceration, was dated by the probation officer on June 28, 2013, and sentencing occurred on July 19, 2013. Despite an invitation from the court to respond to the proposed terms and conditions recommended by the probation officer, defendant failed to object to the imposition of the preincarceration costs. We conclude that defendant has forfeited the issue on appeal. (*Snow*, *supra*, 219 Cal.App.4th at pp. 1150-1151; *McCullough*, *supra*, 56 Cal.4th at pp. 597, 599.)

If defendant's ability to challenge the imposition of the presentence incarceration costs is forfeited, defendant argues that he was denied effective assistance of counsel for failure to object to the imposition of the fee without a hearing. Defendant argues that we have discretion to consider issues for the first time on appeal to avoid an "inevitable ineffectiveness-of-counsel claim." (*People v. Norman* (2003) 109 Cal.App.4th 221, 230.) "To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was deficient and fell below an objective standard of reasonableness and (2) it is reasonably probable that a more favorable result would have been reached absent the deficient performance. [Citation.] A reasonable probability is a 'probability sufficient to

8

undermine confidence in the outcome.' [Citation.]" (*People v. Jones* (2013) 217 Cal.App.4th 735, 746-747.) Defendant must show ineffective assistance by a preponderance of the evidence. (*People v. Powell* (2011) 194 Cal.App.4th 1268, 1298.) " 'Failure to object rarely constitutes constitutionally ineffective legal representation.' [Citation.]" (*People v. Gray* (2005) 37 Cal.4th 168, 207.) In consideration of a claim of ineffective assistance of counsel, we are limited to the matters illuminated by the record on appeal. (*Ibid.*)

There is nothing in the record here to explain why defense counsel did not object to the imposition of the costs of presentence incarceration. We disagree that the only satisfactory explanation for trial counsel's failure to object to the fee and request a hearing on ability to pay is ineffective assistance. At sentencing, defense counsel sought a reduction of counts 1 through 3 to misdemeanors and objected to the imposition of jail time based upon several factors. In response to defense counsel's arguments against incarceration, the trial court denied the People's request for jail time. It is reasonable that defense counsel was arguing the point important to his client—staying out of jail—and that defendant was not concerned with the costs of presentence incarceration.

Defense counsel's failure to object is also subject to the equally reasonable explanation that he felt that any objection on the grounds of inability to pay lacked merit. Defendant did side jobs in his profession as a mechanic, and his wife was employed with annual earnings of $70,000. Furthermore, section 1203.1c provides for "additional hearings during the probationary period" regarding a defendant's ability to pay the cost of

presentence incarceration.  Defendant has not met his burden of establishing ineffective assistance of counsel.

## III.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS.


RAMIREZ

P. J.


We concur:


McKINSTER

J.


CODRINGTON

J.


10