Filed 11/18/14  P. v. Romero CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C072016 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036721) |
| v. | |
| DAVID EUGENE ROMERO, | |
| Defendant and Appellant. | |

Defendant David Eugene Romero appeals following a plea of no contest to one count of felony stalking under Penal Code section 646.9, subdivision (b).  In exchange for the plea, the People moved to dismiss the remaining two counts of making felony criminal threats (Pen. Code, § 422, subd. (a)) and three counts of misdemeanor disobedience of a domestic relations court order (Pen. Code, § 273.6, subd. (a)) with a *Harvey* waiver.[1]  The trial court sentenced defendant to four years in state prison and

---

[1]  *People v. Harvey* (1979) 25 Cal.3d 754.

1

ordered him to pay various fines and fees, including a $736 presentence investigation report fee. On appeal, defendant contends that the record does not contain substantial evidence supporting his ability to pay the presentence investigation report fee and requests that we reverse the order imposing the fee.

We conclude that defendant failed to object to the presentence investigation report fee in the trial court, and accordingly, his sole claim on appeal is forfeited.

We affirm.

## PROCEDURAL BACKGROUND[2]

At sentencing, the court ordered defendant to pay various fines and assessments based on the recommendations in the probation report, including a $736 payment for preparation of the presentence investigation report. The court also ordered defendant to pay a $240 restitution fine under Penal Code section 1202.4, subdivision (b), a $200 fine under Penal Code section 672, a $40 court operations assessment under Penal Code section 1465.8, and a $30 conviction assessment under Government Code section 70373. When the court asked about attorneys' fees, defendant's attorney represented that defendant had no ability to pay, and the court found that defendant had "no ability for attorney fees based on the state prison commitment." Shortly thereafter, the trial court asked defense counsel whether there were "any other issues we need to address," and counsel replied, "No. Thank you." The defense never objected to the imposition of the presentence investigation report fee or raise defendant's inability to pay that fee.

## DISCUSSION

### Ability to Pay the Presentence Investigation Report Fee

On appeal, defendant contends there is insufficient evidence to establish he had the ability to pay the presentence investigation report fee. The People argue defendant

---

[2] Because the sole issue on appeal relates to the presentence report investigation fee, we dispense with a recitation of the facts underlying the charges.

2

forfeited this argument by not objecting in the trial court.  We agree.  Defendant has forfeited the issue.  (*People v. Snow* (2013) 219 Cal.App.4th 1148, 1151.)

## DISPOSITION

The judgment is affirmed.


      MURRAY      , J.


We concur:


     HULL      , Acting P. J.


     DUARTE     , J.