Filed 11/26/14  P. v. Willis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>WILBUR LAMAR WILLIS,<br><br>        Defendant and Appellant. | C075537<br><br>(Super. Ct. No. 62117498) |

Defendant Wilbur Lamar Willis is a registered sex offender.  Following a court trial, the trial court convicted him of failing to file a change of address (Pen. Code, § 290.013, subd. (a) -- count one)[1] and misdemeanor resisting a peace officer (§ 148, subd. (a)(1) -- counts two and three).  The trial court dismissed defendant's prior strike conviction, sentenced him to 16 months in state prison, and ordered him to pay various

---

[1]    Undesignated statutory references are to the Penal Code.

1

fines and fees, including a $350 fee for the cost of the probation department's presentence investigation and report.

Defendant now contends the trial court erred in ordering him to pay the $350 probation fee because (1) the probation department did not give him notice of his right to a hearing as required by section 1203.1b, and he did not waive his right to a hearing; and (2) there is insufficient evidence to support an implied finding of his ability to pay the cost of the probation department's presentence investigation and report.

We agree with the Attorney General that defendant forfeited his contentions because he failed to object in the trial court. We will affirm the judgment.

DISCUSSION

Given the contentions on appeal, it is not necessary to set forth the underlying facts pertaining to defendant's convictions. We will include background facts relevant to defendant's contentions in our discussion.

Section 1203.1b provides for the imposition of certain fees, including a fee for the reasonable cost of conducting a presentence investigation or preparing a presentence report. (§ 1203.1b, subd. (a).) As relevant to this appeal, section 1203.1b requires the probation officer to determine a defendant's ability to pay the reasonable cost of the presentence investigation and report, to inform the defendant of his right to a hearing regarding his ability to pay, and to refer the matter to the trial court for a hearing unless the defendant expressly waives his right to a hearing. (§ 1203.1b, subds. (a) & (b).)

A

Defendant claims the trial court erred in ordering him to pay the $350 probation fee because the probation department did not give him notice of his right to a hearing as required by section 1203.1b, and defendant did not waive his right to a hearing. It is true that here, there is no indication in the record that the probation department informed defendant of his right to a hearing regarding his ability to pay, and no indication that defendant waived such a hearing.

2

But the record does establish the following:  the probation report recommended that defendant "pay the cost of preparation of the presentence investigation in the amount of $350"; the trial court stated on the record that it received and reviewed the probation report prior to sentencing and confirmed that defendant and his attorney received, reviewed, and had sufficient time to discuss the probation report prior to sentencing; the trial court gave defendant's counsel time to consider what he wanted to say regarding sentencing and gave him an opportunity to argue; although defendant's counsel argued many other things, he did not object at sentencing to noncompliance with the requirements of section 1203.1b, to the lack of a finding regarding ability to pay, or to imposition of the probation fee; and after imposing the probation fee, the trial court asked defense counsel if there was anything further on behalf of the defense, but counsel said no.

In *People v. Valtakis* (2003) 105 Cal.App.4th 1066 (*Valtakis*), the defendant argued that the trial court erred in imposing a probation fee because there was no notice of the defendant's right to a hearing, no express waiver of that right, and no express finding of his ability to pay the fee as required by section 1203.1b.  (*Valtakis, supra,* 105 Cal.App.4th at pp. 1070-1071.)  The Court of Appeal held that the defendant's failure to object at sentencing to noncompliance with the probation fee procedures set forth in section 1203.1b forfeited the claim on appeal.  (*Valtakis, supra,* 105 Cal.App.4th at p. 1068.)

Here, like in *Valtakis*, defendant's failure to object at sentencing to noncompliance with the probation fee procedures set forth in section 1203.1b forfeited the claim on appeal.

Defendant argues his contention is not forfeited, citing *People v. Pacheco* (2010) 187 Cal.App.4th 1392.  He "acknowledges that this [c]ourt has in the past disagreed with *Pacheco* on this point," citing *People v. Snow* (2013) 219 Cal.App.4th 1148, 1151.  Nonetheless, he urges us to reconsider the issue.  We decline to do so.

B

Defendant next contends there is insufficient evidence to support an implied finding of his ability to pay the cost of the probation department's presentence investigation and report.

In *People v. McCullough* (2013) 56 Cal.4th 589, 597 (*McCullough*), the California Supreme Court held that a defendant who fails to object to a booking fee in the trial court forfeits a claim that the evidence is insufficient to support a finding of ability to pay. (*Id.* at p. 591.) The Supreme Court said ability to pay is a factual issue subject to forfeiture, explaining that a defendant may not transform a factual claim into a legal one by asserting the record's deficiency as a legal error. (*Id.* at p. 597.) By failing to object on the basis of his ability to pay, the defendant "forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' [Citations.]" (*Ibid.*)

Defendant argues the reasoning of *McCullough* does not apply here because "[u]nlike the booking fee at issue in *McCullough*, fees under section 1203.1b 'provide procedural requirements or guidelines for the ability-to-pay determination.' [*McCullough*, *supra*, 56 Cal.4th at p. 598.]"**[2]** In *McCullough*, the California Supreme Court explained that the rationale for forfeiture was "particularly strong" in the context of the booking fee involved in that case, because the absence of procedural safeguards or guidelines in that context indicated the Legislature considers the financial burden of the booking fee to be de minimis. (*McCullough*, *supra*, 56 Cal.4th at p. 599.) But the court in *McCullough* did not base its holding on the lack of procedural safeguards

---

**[2]** Defendant relies on *People v. Povio* (2014) 227 Cal.App.4th 1424 (*Povio*). The California Supreme Court granted review of *Povio* on October 15, 2014, S220685.

or guidelines.[3]  Moreover, the presence of procedural guidelines does not necessarily establish the imposition of a significant financial burden.  The booking fee in *McCullough* was $270.17 (*McCullough*, *supra*, 56 Cal.4th at p. 590); the probation fee in this case is $350.

The reasoning in *McCullough* that precludes a defendant from challenging the factual determination of his ability to pay a fine for the first time on appeal is applicable to the instant matter.  This court applied the same logic in *People v. Snow, supra,* 219 Cal.App.4th at page 1151.  Here, like in *Snow*, defendant received adequate notice that section 1203.1b costs would be imposed, but he did not object in the trial court. (*Snow, supra,* 219 Cal.App.4th at p. 1151.)  Accordingly, defendant forfeited his claim of insufficient evidence based on ability to pay.  (*Ibid.* at p. 1151.)

DISPOSITION

The judgment is affirmed.


            MAURO          , Acting P. J.


We concur:


       MURRAY      , J.


       HOCH      , J.

---

[3]  The California Supreme Court granted review of *People v. Aguilar* (2013) 219 Cal.App.4th 1094, 1098, which interpreted *McCullough* as not limited to booking fees, and held that "[a]s to other fees and costs, the rationale for forfeiture is still strong, just not 'particularly strong' as in the case of the booking fee."  (Review granted Nov. 26, 2013, S213571; see also *People v. Trujillo*, review granted Nov. 26, 2013, S213687.)