Filed 3/20/15  P. v. Pinnick CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076088 |
| Plaintiff and Respondent, | (Super. Ct. No. CM032438) |
| v. | |
| JOHN WILLIAM PINNICK, JR., | |
| Defendant and Appellant. | |

Pursuant to a plea bargain, defendant John William Pinnick, Jr., pleaded no contest to a charge of inflicting corporal injury on the mother of his child (Pen. Code, §§ 273.5, subd. (a)),[1] and was placed on probation in October 2010 on the condition that he pay a $400 domestic violence program fee (§ 1203.097, former subd. (a)(5)) and a $300 battered women's shelter fee (§ 1203.097, subd. (a)(11)(A)).

---

[1] Undesignated statutory references are to the Penal Code.

In March 2014, the trial court revoked and terminated defendant's probation, and he was sentenced to state prison for the upper term of four years. The court ordered defendant to pay the two previously imposed fees (noted above), and to pay a $280 fee for the preparation of a supplemental probation report.

On appeal, we disagree with defendant that the $400 domestic violence program fee and the $300 battered women's shelter fee did not survive the termination of his probation; we also conclude that defendant has forfeited his claim that the evidence is insufficient that he had the ability to pay the $280 supplemental probation report fee.

We dispense with a recitation of the facts underlying defendant's offense as they are not material to the issues raised on appeal.

## DISCUSSION

### I. The Domestic Violence Program Fee and the Battered Women's Shelter Fee

At the time of defendant's domestic violence offense in April 2010, section 1203.097, subdivision (a) stated that "[i]f a person is granted probation," the terms of probation (1) "shall include" "[a domestic violence program] minimum payment by the defendant of" $400, and (2) "may include" "[t]hat the defendant make payments to a battered women's shelter, up to a maximum of" $5,000 (§ 1203.097, subd. (a)(5) & (11)(A), respectively).

Pursuant to this statute, the trial court, in granting defendant probation in October 2010, imposed a $400 domestic violence program fee and a $300 battered women's shelter fee. When the trial court revoked and terminated defendant's probation in March 2014 and sentenced defendant to a state prison term, the court ordered defendant to pay these two previously imposed fees.

2

Defendant contends the trial court improperly imposed the $400 domestic violence program fee and the $300 battered women's shelter fee when it sentenced him to prison because these two fees do not survive the termination of probation.  We disagree.

By its plain language, section 1203.097 requires or allows certain probation conditions to be imposed, including the two fees challenged here, when a person convicted of domestic violence is granted probation.  When it revoked defendant's probation and imposed sentence, the trial court ordered defendant to pay the two fees the court had previously imposed under section 1203.097 as conditions of defendant's probation (i.e., the $400 domestic violence program fee and the $300 battered women's shelter fee); the trial court did not impose *additional* fees.  The $400 domestic violence program fee and the $300 battered women's shelter fee survived the revocation of probation.  (See *People v. Chambers* (1998) 65 Cal.App.4th 819, 821-822 [restitution fine imposed when trial court granted defendant probation survived the revocation of probation].)[2]

We uphold the $400 domestic violence program fee and the $300 battered women's shelter fee.

## II.  Supplemental Probation Report Fee

By not objecting in the trial court, defendant has forfeited his contention that the evidence is insufficient that he had the ability to pay the $280 fee imposed for preparation of the supplemental probation report.  (*People v. Snow* (2013) 219 Cal.App.4th 1148, 1151 [by not objecting in the trial court, a defendant forfeits his contention of insufficient

---

[2]  This conclusion is further supported by an amendment to section 1203.097, subdivision (a), effective January 1, 2014, stating explicitly, "The [domestic violence] fee . . . may be collected . . . after the termination of the period of probation, whether probation is terminated by revocation or by completion of the term."  (§ 1203.097, subd. (a)(5)(E), as amended by Stats. 2013, ch. 144, § 2.)

3

evidence showing an ability to pay the cost of preparing probation report]; see *People v. McCullough* (2013) 56 Cal.4th 589, 597-598.)

## DISPOSITION

The judgment is affirmed.

      BUTZ      , J.

We concur:

      BLEASE      , Acting P. J.

      DUARTE      , J.