Filed 4/30/15  P. v. McCutcheon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C076953 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13-749) |
| v. | |
| JARAMY QUINN MCCUTCHEON, | |
| Defendant and Appellant. | |

Defendant Jaramy Quinn McCutcheon entered a negotiated plea of no contest to second degree robbery in exchange for no state prison at the outset.

The court granted probation subject to certain terms and conditions including, without objection, that defendant pay $370 for the cost of preparation of the presentence report and $100 in attorney fees.

Defendant appeals, challenging for the first time the costs for the report and the attorney fees, arguing he was not provided notice, thus, his right to due process was violated, and there was no evidence he had the ability to pay.  We conclude defendant's

1

challenge to the presentence report cost and attorney fees is forfeited. Even assuming forfeiture does not apply, we conclude defendant had notice and the trial court's finding of an ability to pay both is supported by the record.

To challenge on appeal the imposition of fees and fines, defendant must first raise the issue in the trial court. Otherwise, the issue is forfeited. (*People v. Aguilar* (2015) 60 Cal.4th 862, 864; *People v. Trujillo* (2015) 60 Cal.4th 850, 853-854; see also *People v. Snow* (2013) 219 Cal.App.4th 1148, 1149-1151; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1068-1075.)

Defendant's reliance upon *People v. Lopez* (2005) 129 Cal.App.4th 1508 is misplaced. In that case, the defendant was sentenced to state prison. There is a presumption prisoners are unable to pay attorney fees, and in such case, an express finding of an ability to pay is required. Based on a simple restatement of the general rule that a challenge to the sufficiency of the evidence does not require an objection in the trial court, *Lopez* concluded the defendant's challenge on appeal was not forfeited. (*Id.* at pp. 1520, 1536-1537.)

Here, defendant was granted probation. Defendant did not challenge the order that he pay the cost of the report or the attorney fees. His claim is thus forfeited.

In any event, defendant had notice and more than sufficient evidence supported the trial court's finding of an ability to pay. Defendant told the probation officer he was "requesting probation and fines." The probation report recommended defendant pay, inter alia, the $370 cost for the probation report and the cost of attorney fees, although the amount was not specified. Defendant was employed as a forklift operator from 1999 to 2010 and thereafter as a carpenter until he was jailed for the present offense. The probation officer reported defendant was employable, was in good health, finished his education, and had ties to the area. As the trial court found, defendant's ability to pay is supported by his discernable future financial position and the likelihood of employment. (*People v. Phillips* (1994) 25 Cal.App.4th 62, 69-71.)

2

DISPOSITION

The judgment (order of probation) is affirmed.


                                                 NICHOLSON      , J.


We concur:


        RAYE            , P. J.


        BUTZ            , J.